NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CASEY HAYS,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2024-2359

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-23-0078-I-1.

---

Decided:  June 9, 2026

---

CASEY HAYS, Louisville, CO, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

PER CURIAM.

Casey Hays, a pro se litigant, petitions from a final order of the Merit Systems Protection Board (Board) affirming his removal from his position with the United States Postal Service (USPS). *Hays v. USPS*, No. DE-0752-23-0078-I-1, 2024 WL 3534733 (M.S.P.B. July 24, 2024) (*Decision*) (SAppx[1] 42–50). The Board found that Mr. Hays did not prove harmful procedural error. For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Hays was employed with USPS as a Manager, Customer Service Operations, at the University Park Station in Denver, Colorado. On January 16, 2019, he received a Letter of Warning for failure to follow instructions, in response to which he made "subversive threats" to his manager. SAppx 4. On June 17, 2020, he was questioned about his unit's performance. Later that night, he texted threatening messages to Postmasters John and Lora McLucas.

After the McLucases reported the text messages the following day, postal inspectors reported to Mr. Hays's home, a Cook Street address in Denver and interviewed the appellant. On July 14, 2020, Mr. Hays was placed in an off-duty unpaid status because USPS determined that his "presence posed an immediate and continuing risk to the orderly and proper functioning of the Postal Service." SAppx 132; SAppx 6.

On September 1, 2020, a manager of Customer Service Operations at USPS proposed to remove Mr. Hays based on a charge of unacceptable conduct arising from his texts to the McLucases on June 17, 2020. On September 10, USPS mailed the notice of proposed removal to the mailing

---

1    "SAppx" refers to the Supplemental Appendix attached to Respondent's Informal Brief. ECF No. 44.

address the agency had on record for Mr. Hays, which was a Josephine Street address in Denver.

On September 21, 2020, Mr. Hays was incarcerated at the Adams County Jail. His mother then filed a change of address form for Mr. Hays with USPS, which updated his address of record to an address on 108th Place in Commerce City, Colorado. Mr. Hays had friends who lived at this address who informed him what mail he had received.

On October 13, 2020, USPS issued a decision on the notice of proposed removal for Mr. Hays, which sustained the charge and the proposed penalty of removal. SAppx 7. The decision was mailed to Mr. Hays at the Josephine Street address. USPS removed Mr. Hays on October 24, 2020. The PS-50 form documenting Mr. Hays's removal reflected the 108th Place address. Under agency practice, every time a new PS-50 is created, a copy of that form is mailed to the employee address on the document.

Mr. Hays's incarceration ended the following year on October 21, 2021. Within days, he contacted a union representative to inquire about returning to work. The representative provided Mr. Hays with a copy of the removal documents, and Mr. Hays attested that this was when he "knew for certain" he had been terminated. SAppx 7.

Mr. Hays filed an Equal Employment Opportunity (EEO) complaint arguing that USPS discriminated against him based on his disabilities. USPS issued a final agency decision, concluding that the evidence did not support a finding of discrimination. *See* SAppx 58–71.

Mr. Hays then appealed the USPS removal to the Board on December 29, 2022, raising affirmative defenses of harmful procedural error and discrimination on the basis of disability. SAppx 141–42. On March 30, 2023, the administrative judge (AJ) issued an initial decision affirming the USPS's removal decision. SAppx 3, 32.

In the decision, the AJ concluded that USPS established the charge of unacceptable conduct based on the two threads of threatening messages on June 17, 2020. SAppx 9–15. The AJ also found nexus between the misconduct and efficiency of service, finding that Mr. Hays's actions affected the agency's trust and confidence in his ability to perform his duties. *Id.* at 15–16. Given the nature and seriousness of the offense, as well as Mr. Hays's prior disciplinary record, the AJ determined that his removal was within limits of reasonableness. *Id.* at 16–18.

Additionally, the AJ found the Board's actions to be in accordance with due process. *Id.* at 18–26. USPS mailed the notice of proposed removal to Mr. Hays's address of record on Josephine Street. *Id.* at 26. The AJ determined (1) there was evidence the notice was delivered to the address before Mr. Hays was incarcerated, and (2) even if the agency mailed the proposed-removal notice to the incorrect address, Mr. Hays was not harmed by the error because he failed to introduce any evidence that could have caused the agency to reach a different decision. *Id.* at 22, 26.

Mr. Hays filed a petition for review of the AJ's initial decision before the full Board, which denied his petition and affirmed the initial decision. *Decision*, 2024 WL 3534733, at *1. Mr. Hays then timely filed a petition for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Hays challenges only the Board's finding that USPS did not violate his due process rights based

on its service of the notice of proposed removal, which was mailed to the Josephine Street address. Mr. Hays does not dispute any of the findings regarding the merits of his removal.

"The essential requirements of due process are notice and an opportunity to respond." *Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368, 1375 (Fed. Cir. 1999) (internal alterations omitted) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Prior to termination, a tenured employee is entitled to oral or written notice of the charges against him. *See id.* at 1375–76.

Substantial evidence supports the Board's determination that USPS's service of the notice of proposed removal comported with due process. The AJ explained that preponderant evidence that the notice letter was properly mailed gives rise to a rebuttable presumption that the letter reached the addressee, which could be rebutted by convincing evidence that appellant did not receive the letter. SAppx 19–20. The AJ found that that the presumption of receipt was met because preponderant evidence showed that USPS sent a sealed and properly addressed copy of the proposed removal to the mailing address that the agency had on record for Mr. Hays as of September 1, 2020.[2] *Id.* at 20, 22. The evidence also showed that the envelope was indeed deposited at Mr. Hays's employee address of record prior to his incarceration. *Id.* at 22.

The AJ then determined that Mr. Hays failed to provide convincing evidence or testimony sufficient to rebut the presumption of receipt. *Id.* at 21–25. Specifically, Mr. Hays provided no evidence that he had ever updated his employee mailing address with USPS. *Id.* at 21. He

---

[2]    Specifically, this was the address that Mr. Hays informed the agency was his mailing address in his capacity as an employee. SAppx 20.

attested only that he resided at a different address. *Id.* But, as the AJ explained, the fact that Mr. Hays resided at an address different from his designated mailing address does not establish that USPS failed to satisfy due process by sending notice to his mailing address on file. *Id.* at 21–22. We agree with the Board that Mr. Hays was obligated to provide a current mailing address for official correspondence, even if some members of USPS were aware Mr. Hays was living at a different address during the relevant time period. Thus, without more, the fact that Mr. Hays resided at a different address than his designated mailing address does not establish a due process violation.

Moreover, the AJ found that Mr. Hays failed to make credible statements reflecting that he did not have notice of his proposed removal. *Id.* at 22–23. These credibility findings are virtually unreviewable. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986) (citations omitted) ("To the extent that the petitioner's claim is based upon a challenge to the presiding official's credibility determinations, we reiterate our previous holdings that these determinations are virtually unreviewable.").

The AJ's findings are supported by substantial evidence.

CONCLUSION

We have considered Mr. Hays's remaining arguments and find them unpersuasive.[3] For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**

COSTS

No costs.

---

[3] This includes arguments submitted by Mr. Hays in his Memorandum in Lieu of Oral Argument. ECF No. 54.